*137 OPINION.
Marquette :
The first question raised herein is whether the petitioner realized any taxable gain in 1920 from the sale of its sawmill and timber and, if so, what was the amount of gain. The petitioner takes the position that it realized no gain in 1920, either from the sale of the sawmill property or the timber, for the reason that the transaction was not completed in that year, and that the profit was realized in 1923, when the contract was fully performed. The respondent contends that the petitioner realized a profit of $65,278.80 in 1920 from the sale of the sawmill, measured by the difference between the purchase price of $225,000 mentioned in the contract, and the depreciated cost of the mill at date of sale, and that the amount of $32,208.49 refunded in 1923 was a penalty for failure to deliver the minimum amount of logs provided by the contract and should not be deducted in computing the profit on the mill.
In our opinion the written instrument of January 26, 1920, was, and was intended by the parties thereto to be, a single contract for the sale of the petitioner’s sawmill property and timber. The petitioner would not have sold the timber without the mill, and the Panola Lumber & Manufacturing Co. would not have purchased the mill unless it could have also purchased the timber. Without the timber, the sawmill would have had no value to the purchaser, and the sale thereof was directly dependent upon the petitioner’s guarantee to furnish 40,000,000 feet of logs of certain sizes and grades, and the price paid for the mill was directly dependent on and related to the quantity of logs delivered. If 40,000,000 feet were delivered, the purchase price of the mill was to be $225,000, and the price was to be increased or diminished as the total deliveries of logs exceeded or were less than 40,000,000 feet. By the terms of the contract of January 26, 1920, the furnishing of the logs was made a part of the consideration which induced the Panola Lumber & Manufacturing Co. to purchase the sawmill. The evidence relative to the negotiations leading up to the making of the contract shows that the parties intended that the price to be paid for the mill would depend entirely upon the ability of the petitioner to deliver a certain quantity of logs, and that the adjustments to be made upon completion of de *138 livery would relate to the price of the mill and not to the logs, and that they interpreted the contract as having that meaning. It is also significant that the prices paid for the logs were lower than the petitioner could have obtained for them in the open market. Obviously, the petitioner was not entering into a separate contract to deliver logs at less than their market price. If the sale of the mill be considered as one transaction and the sale of the logs as another transaction, with a so-called penalty for failure to deliver the minimum quantity of logs, the contract would be “ one which no man in his right mind would make and no just man would enforce.” We think the contract embraced and was intended to embrace a single transaction, which was not fully completed until the year 1923. Until the contract was fully performed both as to the sawmill and the delivery of logs, it could not be ascertained whether the petitioner had realized a gain or suffered a loss from the sale of the mill and timber property. We are therefore of opinion that the profit to the petitioner from the transaction in question was not realized and could not have been determined in the year 1920. The respondent therefore erred in including in the petitioner’s income for 1920 any amount as profit from this transaction.
The second question relates to the right of the petitioner now to change its closing inventory for the year 1920 from the basis of cost to market value. Section 203 of the Revenue Act of 1918 provides:
That whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.
On December 30, 1920, the Commissioner issued Treasury Decision 3108 which, so far as is here material, provides that:
Inventories must be valued at (a) cost or (b) cost or market * * * whichever is lower. Whichever basis is adopted must be applied consistently to the entire inventory. A taxpayer may, regardless of his past practice, adopt the basis of “ cost or market, whichever is lower ” for his 1920 inventory, provided a disclosure of the fact and that it represents a change is made in the return. Thereafter, changes can be made only after permission is secured from the Commissioner.
No question is raised by the petitioner as to the reasonableness or the propriety of the foregoing regulation, which the respondent promulgated under the administrative power vested in him by the statute. The question then arises, has the petitioner brought itself within the provision of the regulation? We think it has not. The regulation permits an inventory at market value if such market value is lower than cost. The petitioner has not shown to our satisfaction *139 that the 1920 market value of the lumber in question was lower than the amount at which it was included in the (dosing inventory. It is true that one witness, an experienced lumber man, testified that, if he had owned the lumber at the close of the year 1920, he would not have carried it on his books at more than $15,000, but that testimony is not, we think, sufficient to establish a market value. The regulation above quoted does not permit inventories based upon mere conjectures or estimates, which are all that the record herein discloses. The respondent accepted without question the inventory value furnished by the petitioner in its return, and unless and until the petitioner affirmatively shows that its inventory is entitled to another basis, we can not disturb the respondent’s determination, and this the petitioner has failed to do. In view of this situation it is not necessary for us to decide whether the petitioner’s application for a change of inventory was timely.
The parties hereto have stipulated that the petitioner’s invested capital for the year 1920 as determined by the respondent in the deficiency letter should be increased by $11,088.24, on account of adjustment heretofore made in the petitioner’s tax liability for the year 1918.
Reviewed by the Board.

Judgment will ~be entered under Rule SO.

MoRRis, Phillips, and Green dissent on the first point.